Jennifer M. Kurtz
The Law Offices of Jennifer M. Kurtz, LLC
540 Old Bridge Turnpike
South River, NJ 08882
Tel: 732-390-5262
Fax: 732-390-2162
jennifer.kurtz@kurtz-law.com
Attorneys for Plaintiff,
Robert Morgan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| Robert Morgan, | : | |
| Plaintiff, | : | Civil Case No.: |
| vs. | : | |
| GC Services, LP., | : | |
| Defendant. | : | |
| | : | |

**VERIFIED COMPLAINT**

Plaintiff, Robert Morgan (Plaintiff), through his attorneys, The Law Offices of Jennifer M. Kurtz, LLC, alleges the following against Defendant, GC Services, LP (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq*.

**PARTIES**

2. Plaintiff is a natural person residing at 644 Monroeville Rd, Monroeville, New Jersey 08343-2513.

3. Defendant is a national debt collection corporation with a business office located in Houston, Texas.

4. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

5. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the State of New Jersey, and therefore, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## FACTUAL ALLEGATIONS

10. In or around December of 2012, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes on an American Express account number ending in 52005.

12. Defendant called Plaintiff's home telephone number at 609-534-26XX.

13. Defendant called Plaintiff's home basement telephone number at 856-497-41XX.

14. Defendant called Plaintiff's cellular telephone number at 856-521-57XX.

15. On December 7, 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

16. In the voicemail message, Defendant failed to meaningfully disclose the company's name, the nature of the call, or state that the call was from a debt collector. *See* Exhibit A.

17. In the voicemail message, Defendant directed Plaintiff to return the call to telephone number 1-314-851-4336, extension 3035, which is a number that belongs to Defendant. *See* Exhibit A.

18. On December 8, 2012, Defendant called Plaintiff and left a second voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit B.

19. In the second voicemail message, Defendant failed to meaningfully disclose the company's name, the nature of the call, or state that the call was from a debt collector. *See* Exhibit B.

20. In the second voicemail message, Defendant directed Plaintiff to return the call to telephone number 1-314-851-4336, extension 3035, which is a number that belongs to Defendant. *See* Exhibit B.

21. On December 12, 2012, Defendant called Plaintiff and left a third voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit C.

22. In the third voicemail message, Defendant's representative, "James Taylor," failed to

meaningfully disclose the nature of the call or state that the call was from a debt collector. *See* Exhibit C.

23. In the third voicemail message, Defendant's representative, "James Taylor," directed Plaintiff to return the call to telephone number 1-614-851-4336, extension 3035, which is a number that belongs to Defendant. *See* Exhibit C.

24. On December 14, 2012, Defendant called Plaintiff and left a fourth voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit D.

25. In the fourth voicemail message, Defendant failed to meaningfully disclose the company's name, the nature of the call, or state that the call was from a debt collector. *See* Exhibit D.

26. In the fourth voicemail message, Defendant's representative, "James Taylor," directed Plaintiff to return the call to telephone number 1-314-851-4336, extension 3043, which is a number that belongs to Defendant. *See* Exhibit D.

27. On December 15, 2012, Defendant called Plaintiff and left a fifth voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit E.

28. In the fifth voicemail message, Defendant's representative, "James Taylor," failed to meaningfully disclose the nature of the call or state that the call was from a debt collector. *See* Exhibit E.

29. In the fifth voicemail message, Defendant's representative, "James Taylor," directed Plaintiff to return the call to telephone number 1-614-851-4336, extension 3035, which is a number that belongs to Defendant. *See* Exhibit E.

30. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

    b. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    d. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    e. Defendant violated §1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

Wherefore, Plaintiff, Robert Morgan, respectfully requests judgment be entered against Defendant, GC Services, LP. for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

34. Any other relief that this Honorable Court deems appropriate.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

DATED:  February 8, 2013		The Law Offices of Jennifer M. Kurtz, LLC


					By:  /s/ Jennifer M. Kurtz

						Jennifer M. Kurtz
						Attorney for Plaintiff,
						Robert Morgan

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW JERSEY)

    Plaintiff, ROBERT MORGAN, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, ROBERT MORGAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1-18-13

ROBERT MORGAN
Plaintiff